PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN PASTRANA, Defendant and Appellant.

No. 6065. Argued January 14, 1937.—Decided January 22, 1937.

804

*Juan Valldejuli Rodríguez* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The district attorney filed an information against Ramón Pastrana charging him with the commission of an offense of assault with intent to commit murder, consisting in his having unlawfully, wilfully and maliciously assaulted and battered the human being, José B. Caso, with a pointed-cutting weapon, and with deliberate intent of causing death, on the 8th day of April, 1934, in the Municipality of San Juan, inflicting upon him several serious wounds.

The defendant entered a plea of not guilty and asked for a trial by jury. The trial was had, and he was found guilty of aggravated assault and battery. The court sentenced him to six months in jail. Being aggrieved, he appealed. In his brief he assigns five errors. In the first assignment, he contends that the verdict is contrary to the evidence, and in the other four assignments, of which he argues only three, that the district court admitted improperly certain evidence.

We shall consider first the assignment bearing upon the admission of evidence.

Dr. José B. Caso, the person assaulted, testified, and after he had explained what happened and had described the wounds inflicted upon him by the defendant, identified a coat shown to him by the prosecuting attorney as the one which he was wearing at the time of the attack, and explained how the holes in the coat coincided with the wounds. The prosecuting attorney offered the coat in evidence, and it was admitted over the following objection of the defendant:

"I object, and the ground is that the coat does not form part of the *corpus delicti*, is not essential evidence, and it has not been shown that it was in the same condition as it now is, and that it has not been shown who had such evidence in custody or what vicissitudes it has suffered, and moreover because it is immaterial."

There was no error.   In view of the full testimony of the person assaulted and the expert testimony then offered, The People could perhaps have foregone the evidence in question. This does not, however, mean that it was immaterial.   Since the charge was one of an attempt to kill, perhaps the prosecuting attorney intended to offer it to show the degree of force which the defendant had to use to cut the coat and to penetrate with the pointed-cutting instrument which he was using to the body of his victim.   As to the identification, the testimony of the assaulted person seems sufficient. In any event, even if any error had been committed, it has not been shown that it was so prejudicial as to require a reversal of the judgment.

The defendant objected to the admission of the testimony of the witnesses Binita Caso and Tomás J. Lloréns as to certain happenings prior to the event and as to other circumstances tending to show the motive which the defendant had for committing the crime.   Objection was also made to testimony of the witness Lloréns, Chief of Police of Santurce, as to certain stains which he saw on the front of the house of the person assaulted.

There was no error as to the antecedent circumstances or to the motive.   Insofar as the antecedent circumstances are concerned, it is sufficient to recall that this was a case in which The People was obliged to show the intent to kill in order to sustain its theory of the offense.   It was admittedly unnecessary to prove the motive, but it is also admitted that that does not mean that the motive might not be shown if there was sufficient evidence.

With respect to the stain, what the Chief of Police Lloréns said was that on the entrance of the gate to the garage of the Caso house "I saw what in my judgment were blood stains."   Since the defendant asked that the reply be stricken, the prosecuting attorney asked the witness: "Why do you say 'in my judgment'?"   The witness answered: "By my judgment means that I believed that those were

blood stains.'' The court denied the motion to strike out. In view of the terms of the witness' reply and his personal circumstances, we do not believe that this was erroneous, and if it was, it was not prejudicial.

██ Greater emphasis is laid in argument upon the first assignment. The appellant quotes from and comments extensively upon the evidence introduced. It is contradictory. The evidence of The People tends to show that while Dr. Caso was in his house, he was told that someone was asking for him, that he went out and was attacked and wounded by the defendant, that they then both commenced to fight, as a result of which Dr. Caso received seven wounds, of which several were serious. The defendant admits the fight, but tends to show that Dr. Caso was the agressor and that what wounded by the defendant, that they then both commenced to fight, as a result of which Dr. Caso received seven wounds, of the felony with which he was charged, but of a misdemeanor necessarily included therein. There is no showing of bias, prejudice, partiality or manifest error. As we see it, the defendant has nothing to complain of, having received the benefit of the doubt as to the intent to commit murder with which he was charged by the prosecuting attorney.

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.